Heading for a dismissal 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-282-CV

Â Â Â Â Â BENNIE FINISTER,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CHARLES LUMPKINS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 29,558
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Bennie Finister filed suit against Appellee Charles Lumpkins alleging that Lumpkins
violated his civil rights. See 42 U.S.C.A. Â§ 1983 (West Supp. 1997). Lumpkins is a correctional
officer at the TDCJ-ID unit in which Finister was incarcerated at the time he filed the suit. The
trial court granted Lumpkinsâs motion for summary judgment on September 12, 1997, and Finister
brought this appeal.
Â Â Â Â Â Â Finister filed his notice of appeal on October 3, and the clerkâs record was filed in this court
on October 15. Although his brief was due on November 14, no appellant's brief has been filed. 
See Tex. R. App. P. 38.6(a). Appellate Rule 38.8(a)(1) provides in pertinent part that if an
appellant does not timely file a brief, the appellate court may:
dismiss the appeal for want of prosecution, unless the appellant reasonably explains the
failure and the appellee is not significantly injured by the appellantâs failure to timely file
a brief.
Id. 38.8(a)(1).
Â Â Â Â Â Â On November 19 we notified Finister that we would dismiss his appeal for want of prosecution unless he responded showing grounds for continuing his appeal. See id. 38.8(a)(1), 44.33. 
He responded, claiming that he did not have access to a copy of the appellate rules, and thus, did
not know when his brief was due. Four days later, Finister filed a motion for extension of time
to file his brief seeking additional time for the same reasons. We granted Finisterâs request and
gave him until January 15, 1998, to file his brief, again warning him that the appeal would be
dismissed for want of prosecution if he did not file his brief at that time.
Â Â Â Â Â Â On January 14, Finister filed a second motion for extension of time to file his brief. In this
motion, Finister sought ten additional days in which to file his brief alleging that he had been
denied access to an ink pen for approximately twenty days. We granted the motion and gave him
until January 25 to file his brief, warning him that no further extensions would be considered by
the Court.
Â Â Â Â Â Â Finister filed a motion for injunctive relief on January 27, alleging that prison officials
continued to deny him writing materials and complaining that his research was inhibited by a
policy instituted by TDCJ-ID which allegedly limits inmates to three books from the law library
per day, three days per week. We denied this motion. Seven days later, Finister filed a third
motion for extension of time to file his brief. In this motion, Finister claims that because he has
been denied an ink pen for more than a month and because of the library policy described above,
his ability to prepare a brief has been severely restricted.
Â Â Â Â Â Â Although Finister claims that he has not had sufficient writing materials to prepare his brief,
we note that since our November 19 notice, he has filed thirty-two pages of pleadings and
correspondence with this Court which are written in ink.


 We also note that he has prepared at
least ten pages of inmate grievance forms with TDCJ which are also written in ink.



Â Â Â Â Â Â Almost ninety days have passed since Finisterâs brief was originally due. We have granted
him two extensions and have warned him three times that his appeal is subject to dismissal for
want of prosecution. The reasons stated in Finisterâs most recent motion do not constitute
reasonable grounds for failing to file a brief. Therefore, we deny Finisterâs third motion for
extension and dismiss his appeal for want of prosecution. See id. 10.5(b)(1)(C), 38.8(a)(1), 42.3. 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â PER CURIAM

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Chief Justice McDonald (retired)
Dismissed for want of prosecution
Opinion delivered and filed February 11, 1998
Do not publish



>, no pet.); City
of Fort Worth v. Gay, 977 S.W.2d 814 (Tex. App.Fort Worth 1998, no
pet.).

Â 

PER CURIAM

Â 

Â 

Before Chief
Justice Gray,

Justice Vance,
and

Justice Reyna

Â Â Â Â Â Â Â Â Â  (Chief Justice Gray concurring)

Affirmed

Opinion
delivered and filed November 10,
 2004

[CV06]